**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Norton, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Joseph M. Arpaio, et al., <br><br> Defendants. | No. CV-15-00087-PHX-SPL <br><br> **ORDER** |

Before the Court is Defendant Maricopa County's Motion for Summary Judgment (Docs. 207, 208[1]), Plaintiffs' Response (Docs. 209, 210[2]), and Defendant Maricopa County's Reply (Docs. 216, 217[3]). For the reasons stated below, Maricopa County's motion is denied in part and granted in part as set forth below.

**I.    Background[4]**

    **A. Factual Background**

Plaintiff Bret Frimmel owns and operates Uncle Sam's restaurants through Plaintiffs Pishka, Inc. and BRF Enterprises, LLC. (Doc. 197 ¶¶ 1, 2; Doc. 202 ¶¶ 1, 2.) At all times relevant to this action, Defendant Arpaio was the Sheriff of Maricopa County, Arizona. (Doc. 197 ¶ 4; Doc. 202 ¶ 4.) At all times relevant to this action, Defendant Henderson was

---

[1]    Maricopa County's Statement of Facts.
[2]    Plaintiffs' Supplemental and Controverting Statement of Facts.
[3]    Maricopa County's Controverting Statement of Facts in Reply.
[4]    The facts that follow are undisputed.

a Maricopa County Sheriff's Office ("MCSO") deputy employed by Maricopa County. (Doc. 197 ¶ 7; Doc. 202 ¶ 7.) At all times relevant to this action, Henderson was assigned to the MCSO Criminal Employment Unit ("CEU") and was in charge of the investigation of the alleged identity theft at the Uncle Sam's restaurants. (Doc. 197 ¶¶ 8, 13; Doc. 208 ¶ 7.) Henderson applied for and obtained three search warrants for both Uncle Sam's restaurants and Frimmel's personal residence. (Doc. 197 ¶ 18; Doc. 208 ¶ 16.) Henderson also provided probable cause statements that were used to obtain the search warrants for Frimmel. (Doc. 197 ¶ 19; Doc. 208 ¶ 18.) Henderson provided two case updates to his supervisors in the CEU and Arpaio during his investigation. (Doc. 210 ¶ 20; Doc. 202 ¶ 19.) Detective Cesar Brockman was Henderson's supervisor, but it is disputed whether Brockman actually reviewed the search warrants at issue. (Doc. 210 ¶ 24; Doc. 202 ¶ 16.) Sergeant Whelan-Gonzalez worked in the CEU in 2013, but it is disputed whether Whelan-Gonzalez reviewed two of the search warrants at issue. (Doc. 210 ¶ 28; Doc. 202 ¶ 28.)

On July 17, 2013, Henderson and other MCSO deputies executed the search warrants at two Uncle Sam's restaurants and Frimmel's personal residence. (Doc. 197 ¶ 31; Doc. 202 ¶ 31.) On January 22, 2014, Henderson and other MCSO deputies arrested Frimmel for charges related to trafficking in identify theft, identify theft, conspiracy, and forgery. (Doc. 197 ¶ 47; Doc. 202 ¶ 47.) On February 7, 2014, a grand jury indicted Frimmel based on testimony from Henderson. (Doc. 197 ¶ 78; Doc. 202 ¶ 78.) On May 16, 2014, Frimmel filed a motion for a *Franks* hearing in Maricopa County Superior Court. (Doc. 197 ¶ 80; Doc. 202 ¶ 80.) On April 15, 2015, the Superior Court found that, based on numerous errors in the affidavits, there was no probable cause to issue the warrants and voided them. (Doc. 197 ¶¶ 81-83; Doc. 202 ¶¶ 81-83.) On April 23, 2015, all remaining charges against Frimmel were dismissed. (Doc. 197 ¶ 85; Doc. 202 ¶ 85.)

///

///

///

///

### B. Procedural History

On January 20, 2015, Plaintiffs filed complaints in federal court. (Doc. 1 of 2:15-cv-00087-SPL; Doc. 1 of 2:15-cv-00088-SRB.) On June 5, 2015, those cases were consolidated under this Case No. 2:15-cv-00087-SPL. On June 19, 2015, Plaintiffs filed a Second Amended Complaint (the "Complaint.") (Doc. 25-1.) On January 19 and 20, 2017, the parties filed motions for full and partial summary judgment. (Docs. 170, 173, 175.) On September 29, 2017, the Court denied those motions with leave to re-file. (Doc. 195.) On October 30, 2017, Plaintiffs filed their renewed motion for summary judgment against Maricopa County, Arpaio, and Henderson. (Doc. 196.) On November 29, 2017, Maricopa County filed its response. (Doc. 200.) Also on November 29, 2017, Arpaio and Henderson filed their response. (Doc. 201.) On December 12, 2017, Plaintiffs filed their reply. (Doc. 204.)

On February 16, 2018, Maricopa County filed its Motion for Summary Judgment. (Doc. 207.) On March 6, 2018, Plaintiffs filed their response. (Doc. 209.) On March 22, 2018, Maricopa County filed its reply. (Doc. 216.) On September 25, 2018, the Court entered its Order as to Plaintiffs' Summary Judgment Motion. (Doc. 230.)

## II. Standard of Review

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those facts "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party moving for summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the movant is able to do so, the burden then shifts to the non-

movant who "must do more than simply show that there is some metaphysical doubt as to the material facts," and, instead, must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

**III. Discussion**

Maricopa County moved for summary judgment against Plaintiff BRF Enterprises, LLC for lack of standing and against all Plaintiffs on their Section 1983 claims for lack of evidence.

**A. Standing**

Maricopa County argues that Plaintiff BRF Enterprises, LLC has failed to establish an injury in fact and has acknowledged that its dismissal is appropriate. (Doc. 207 at 4.) Plaintiffs agree that it makes no claims against BRF Enterprises, LLC and that it should be dismissed from this action. (Doc. 209 at 1.) Accordingly, the Court grants summary judgment for Maricopa County and dismisses Plaintiff BRF Enterprises, LLC from this action.

**B. 42 U.S.C. § 1983**

**1. Defamation-Plus**

Maricopa County addressed Plaintiffs' defamation-plus claim, which was alleged in Plaintiffs' Motion for Summary Judgment (Doc. 196). (Doc. 207 at 10.) The Court noted Plaintiffs' attempts to bring such a claim in its Order addressing that motion (Doc. 230) and dismissed it. Accordingly, the Court will not address it here. Plaintiffs did not properly bring a defamation-plus claim against Maricopa County and may not argue it now.

**2. Municipal Liability**

The Court addressed the issue of whether Arpaio is a final policymaker in the area of criminal law enforcement in its Order (Doc. 230), as the issue was fully briefed. (*See* Doc. 216 at 2-3.) In that Order, this Court found that Arpaio is the final policymaker for Maricopa County in the area of criminal law enforcement, including the areas of obtaining and executing search and arrest warrants and testifying in grand jury proceedings. (Doc.

230 at 5-8.) In doing so, the Court rejected Maricopa County's repeated attempts to argue that Plaintiffs are only alleging *respondeat superior* liability and that Arpaio was acting on behalf of the State. (Doc. 230 at 5-8.) Thus, Maricopa County can be held liable for Arpaio's alleged unconstitutional actions taken in his official capacity.

Further, a rational jury could conclude on these facts that Arpaio did, indeed, make a "decision" or delegated or ratified a subordinate's decision regarding the relevant search warrants and arrests and the grand jury testimony based on those warrants. (Doc. 207 at 2; Docs. 199, Ex. E, F, J.) The uncontroverted evidence shows that Arpaio knew about the Uncle Sam's investigations, was briefed on them, and "left [the decision of which avenue of charging to take] up to [Sgt. Whelan-Gonzalez, Henderson, and others] and the county attorney and said whatever the safer bet is, let's just do that, and go…go do your job." (Doc. 199, Ex. J; *See* Doc. 208 ¶¶ 8-11.) Arpaio also testified that "eventually [he] would know" about a CEU investigation, knew about both Uncle Sam's raids, and was present at one of them. (Doc. 208, Ex. F, p. 53-55.) Henderson testified that he believed the purpose of his first meeting with Arpaio concerning the Uncle Sam's investigation was to get Arpaio's approval to go ahead with executing the search warrants. (Doc. 208, Ex. E.) Indeed, Henderson was at the two meetings, with Arpaio, where the Uncle Sam's case was discussed. (Doc. 208, Ex. E, p. 23-29.)

These facts correlate with Brockman's testimony that "the division commander would first need to approve an investigation, then it would move up the chain from there." (Doc. 208, Ex. J, p. 38.) Brockman testified that he believed Arpaio approved all operations, including the Uncle Sam's operations, because the officers would physically meet with Arpaio to get approval. (Doc. 208, Ex. J, p. 38-39.) Though Arpaio might have delegated his authority in large part does not shield Maricopa County from liability. Delegating authority is a basis for municipal liability. In this particular case, a jury could find that Arpaio made the requisite decision or that the uncontroverted delegation of his duties resulted in the delegation or ratification of the decision of a subordinate. *See Guillory v. Greenlee Cty.*, No. CV05-352-TUC-DCB, 2006 WL 2816600, at *4 (D. Ariz. Sept. 28,

5

2006) (stating that municipal liability may be premised on a single decision by a municipal official with final policymaking authority); *Clouthier v. Cnty. Of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (stating that municipal liability may attach when an official with policymaking authority ratifies a subordinate's unconstitutional decision or action and the basis for it).

A reasonable jury could also find that Maricopa County has a policy of tolerating improper search and arrest warrants and then allowing them to be the basis for testimony in a grand jury proceeding. *See Waggy v. Spokane Cnty. Washington*, 594 F.3d 707, 713 (9th Cir. 2010) (stating that a policy of inaction may be a governmental policy within the meaning of *Monell*); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (stating that, even if not explicit, liability may attach upon the showing of a permanent and well-settled practice by the governmental unit giving rise to the alleged constitutional violation). As Maricopa County tirelessly argues, there is a vast amount of delegation taking place in the MCSO and CEU regarding the actions giving rise to the violations here. It is for the jury to decide if the relevant policies are a well-settled and permanent practice, *see Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004), or a single instance of misconduct. *See Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

Accordingly, the Court denies Maricopa County's motion for summary judgment as to Plaintiffs' Section 1983 claims.

**IV.  Conclusion**

For the reasons stated above, summary judgment is denied as to Plaintiffs' Section 1983 claims but is granted as to the dismissal of Plaintiff BRF Enterprises, LLC and Plaintiffs' improper Section 1983 defamation-plus claim.

Accordingly,

**IT IS ORDERED:**

1. That Maricopa County's Motion for Summary Judgment (Doc. 207) is **denied in part and granted in part** as set forth in this order;

///

2. That the Clerk of Court shall **dismiss** Plaintiff BRF Enterprises, LLC from this action; and

3. That Maricopa County may submit its request for attorney's fees and costs related to Plaintiff BRF Enterprises, LLC within **fourteen (14)** days of this Court's Order.

Dated this 26th day of September, 2018.

Honorable Steven P. Logan
United States District Judge