Leon B. Silver (SBN: 012884)
Andrew S. Jacob (SBN: 022516)
**GORDON REES SCULLY MANSUKHANI, LLP**
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003
Telephone: (602) 794-2495
Facsimile: (602) 265-4716
lsilver@gordonrees.com
ajacob@gordonrees.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Norton, *et al.*; <br><br> *Plaintiffs,* <br><br> vs. <br><br> Joseph M. and Ava Arpaio, *et al.,* <br><br> *Defendants.* | CASE 2-15-cv-00087-SPL <br><br> **PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER (DOC. 236) GRANTING PARTIAL SUMMARY JUDGMENT TO INDIVIDUAL DEFENDANTS** <br><br> <u>ORAL ARGUMENT REQUESTED</u> |

Plaintiffs Bret Frimmel and Lisa Norton respectfully move the Court to reconsider its order granting partial summary judgment to the Individual Defendants on Claims I, II, and XI to correct plain errors of law.

### I. Claim I: Section 1983 malicious prosecution claim is not barred by probable cause for arrest.

Claim I is a 42 U.S.C. § 1983 claim for both malicious arrest ***and/or*** prosecution. Second Amend. Compl. at ¶¶ 235-49 (Doc. 23). The Court dismissed Claim One in its entirety on the basis of qualified immunity. *See* Order at 11:12 to 11:20 (Doc. 236). That was error because qualified immunity only applies here to the arrest, not to falsifying evidence subsequent to the arrest.

The Court explained that "a finding of probable cause [for an arrest] is a complete defense to a malicious prosecution claim." *Id.* at 11:14 to 11:15. That is not entirely correct. Probable cause for an arrest is a complete defense for malicious prosecution for an arresting officer ***only*** where the officer had no subsequent involvement in the

1

prosecution. *See Spencer v. Peters*, 966 F. Supp. 2d 1146, 1164 (W.D. Wash. 2013) (declining to grant qualified immunity because there were "genuine issues of fact regarding whether [the officer] fabricated evidence in the child victim's statements, which was, in large part, what the Prosecutor's Office relied on to find probable cause existed and to charge Mr. Spencer with multiple counts of abuse."); *Garcia v. Leroux*, 2016 U.S. Dist. LEXIS 37849, *8 (D. Ariz. Mar. 23, 2016) (granting qualified immunity for malicious prosecution because the officer "did not participate in any subsequent investigation and did not have any influence over whether charges were filed."). There is no authority for the proposition that an officer who has probable cause to arrest is immunized from using fabricated evidence to induce a prosecutor to file criminal charges.

Granted, *Peebles v. Yamhill Cty*, 26 fed. Appx. 643, 644 (Sep. 4, 2001), stated "Probable cause is a complete defense to false arrest and malicious prosecution." But, its facts are materially distinguishable because it makes no mention of falsifying evidence or otherwise misleading the prosecutor. *See Mosqueda v. Cty. of L.A.,* 171 F. App'x 16 (9th Cir. 2006) (same). There is no authority for the proposition that probable cause for an arrest immunizes an officer from liability for subsequently falsifying evidence and misleading the prosecutor. Thus, where an officer's fabrication is central to the fact of, and course of the prosecution, immunity does not lie.

The claim for malicious prosecution here arose, not from a wrongful arrest, but from "judicial deception," falsifying evidence provided to the prosecutor. Plaintiffs correctly argued that "there is no qualified immunity for an officer 'who improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings.'" Plts.' Resp. at 2:19 to 2:23 (Doc. 218), quoting *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004). Plaintiffs then identified evidence showing that Deputy Henderson "materially misled the prosecutor … by providing her with his Charging Summary,

Gordon Rees Scully Mansukhani, LPP
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003

which was replete with erroneous and misleading summaries of witness interviews and by withholding primary evidence such as transcripts of witness interviews. Plts.' Resp. at 5:21 to 5:25 (Doc. 218); *see also* Plts.' SSOF at ¶¶ 32-43 (Doc. 197) (enumerating instances where witness did not say what Henderson quoted them as saying in his Charging Summary).

Although the Court noted that Deputy County Attorney Jamie Oliver was present at the free talks (Doc. 236 at 2:18), it did not note that Ms. Oliver admitted that she does not speak Spanish and was unable to follow what was said by the witnesses:

> Although Deputy County Attorney Oliver attended the free talks, she did not follow what was being said because she does not understand Spanish. Referring to the witness interviews, Oliver testified as follows: "I was there, but I -- it was all in Spanish, and I wasn't paying attention to try to remember. So I didn't have any independent recollection of what was said at the free talks; I was ***completely relying on what Officer Henderson told me.***"

Plts.' Controverting SOF at ¶ 5 (Doc. 219). Thus, it was highly significant that Deputy Henderson materially misquoted the witnesses and failed to provide Ms. Oliver transcripts of the interviews.

Thus, there was no legal basis to grant qualified immunity for malicious prosecution notwithstanding that there was a basis to grant qualified immunity for wrongful arrest. The Court, therefore, should reverse its order and allow Claim I to proceed to trial.

## II. Claim II: State law malicious prosecution claim is also not barred by the grand jury or prosecutor's findings of probable cause.

Claim II is a state law claim for malicious prosecution. Second Amend. Compl. at ¶¶ 250-53 (Doc. 23). The Individual Defendants argued that there was probable cause for the prosecutions. The Court granted dismissal because it found that Plaintiffs did not respond to this argument. Order at 15:24 (Doc. 236). That is also incorrect.

The Individual Defendants did not show probable cause for the prosecution. Rather, they merely argued that the findings of probable cause by the prosecutor and grand jury established probable cause as a defense. Indiv. Defs.' Mot. at 16:17 to 16:20 (Doc. 236). Plaintiffs responded by asserting that those findings of probable cause did not provide a

3

defense because they were induced by falsified evidence. Plts.' Resp. at 4:8 to 6:7 (Doc. 218). Were it otherwise, an officer could never be held liable for judicial deception. *See Awabdy*, 368 F.3d at 1067-68.

Plaintiffs, thus, directly and correctly addressed the argument that the probable cause findings by the grand jury and prosecutor insulated the Individual defendants from liability for the prosecution. Consequently, the Court should reverse its order and allow Claim II to proceed to trial.

## III. Claim XI: The Court previously found that the alleged conduct, if proven, was sufficiently extreme to support intentional infliction of emotional distress (IIED); the evidence is more than sufficient to prove the allegations.

Claim XI is a state law claim for IIED. Second Amend. Compl. at ¶¶ 323-29 (Doc. 23). The Court dismissed this claim on the basis that the evidence cannot show "the egregious level needed for an IIED claim." Order at 21:9 to 21:27. Yet, in an earlier Order, the Court correctly recognized that the conduct alleged in the pleadings and now supported by evidence was sufficiently egregious:

> If a law enforcement officer lies to obtain search warrants and arrest warrants, and pursues criminal charges when no probable cause exists, such behavior would create a near certainty that stress would result. If the supervisor tolerates and encourages such behavior, that also would rise to the level of extreme and outrageous.

Order at 22:15 to 22:19 (Doc. 42).

Relying on this prior ruling, Plaintiffs focused their response on the evidence and argued that, presented with such evidence, a jury could reasonably find that Deputy Henderson intentionally lied in his Charging Summary with the intention and expectation that this would be the but-for cause of Plaintiffs being "prosecuted for multiple felony counts, threatened with lengthy prison terms, and [baring] the expense of defending against vigorous prosecution." Plts.' Resp. at 12:23 to 12:27 (Doc. 218); *see also* Plts.' SSOF at ¶¶ 33-43 (evidence that Henderson not only made false statements in his Charging Summary but failed to provide interview transcripts to the prosecutor that

4

would have shown such statements were false); *id.* at ¶¶ 86-89 (evidence of stress related symptoms).

With such evidence, it was error for the Court to hold in effect that no rational jury could possibly find the requisite elements of IIED. Consequently, the Court should reverse its order and allow Claim XI to proceed to trial.

## IV. Conclusion

Plaintiffs ask the Court to reconsider its order (Doc. 236) on the Individual Defendants' Motion for Partial Summary Judgment and reinstate Claims I, II, and XI.

RESPECTFULLY SUBMITTED this 2nd day of April, 2019.

GORDON REES SCULLY MANSUKHANI LLP

By: *s/ Andrew S. Jacob*
Leon B. Silver
Andrew S. Jacob
111 W. Monroe St., Suite 1600
Phoenix, AZ 85003
*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2019, I electronically transmitted the foregoing *Motion for Reconsideration of Order (Doc. 236) Granting Partial Summary Judgment to Individual Defendants* to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michele M. Iafrate
**IAFRATE & ASSOCIATES**
649 North Second Avenue
Phoenix, AZ 85003
*Attorneys for Individual Defendants and MCSO*

J. Arthur Eaves
Robin E. Burgess
**SANDERS & PARKS, P.C.**
3030 North Third Street, Suite 1300
Phoenix, AZ 85012
*Attorneys for Maricopa County*

*s/ Angelina Chavez*