**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Norton, et al., | No. CV-15-00087-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Before this Court is Plaintiffs' Motion for Reconsideration of Order (Doc. 236) Granting Partial Summary Judgment to Individual Defendants ("Motion for Reconsideration").[1] (Doc. 237) On March 28, 2019, the Court issued an Order granting in part Defendants' Motion for Partial Summary Judgment. (Docs. 215, 236) Plaintiffs request that this Court reconsider its ruling in favor of summary judgment for Claims I, II, and XI due to plain errors of law. (Doc. 237 at 1) On April 18, 2019, at the request of the Court (Doc. 241), Defendants filed a response, asserting that Plaintiffs improperly argued issues in the Motion for Reconsideration that could have been raised in their response to the Motion for Partial Summary Judgment in violation of Local Rule of Civil Procedure 7.2(g). (Doc. 243 at 2) Additionally, Defendants argue Plaintiffs failed to show that this

---

[1] Plaintiffs do not cite any authority for bringing the Motion for Reconsideration, so we construe the motion according to Federal Rule of Civil Procedure 59(e). *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993) (explaining a motion to reconsider may be construed as a Rule 60 or Rule 59 motion even when movant cited no governing Federal Rules of Civil Procedure).

Court engaged in "manifest error" and therefore the Court should not reconsider its Order. (Doc. 243 at 5)

Motions for reconsideration are disfavored. LRCiv 7.2(g). A motion for reconsideration will be granted only where the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or.*, 5 F.3d at 1263. "A manifest error is not demonstrated by the disappointment of the losing party[,] [i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citation and quotation omitted). Plaintiffs fail to state a standard of review for reconsideration in their motion, and more importantly, they fail to meet this high standard. *Guillen v. Thompson*, No. CV 08-1279-PHX-MHM, 2010 WL 3239419, at *2 (D. Ariz. Aug. 16, 2010) ("Mere disagreement with a previous order is an insufficient basis for reconsideration."). For the following reasons, the Court declines to reconsider the Order granting summary judgment.

## I. Claim I: Malicious Prosecution Under Section 1983

Plaintiffs argue "there was no legal basis to grant qualified immunity for malicious prosecution notwithstanding that there was a basis to grant qualified immunity for wrongful arrest." (Doc. 237 at 3) In response, Defendants maintain that this Court was justified in granting qualified immunity for both malicious prosecution and wrongful arrest because the grand jury's finding of probable cause provided a complete defense to both claims. (Doc. 243 at 2) Further, Defendants argue that Plaintiffs improperly pled two distinct claims under the same count in the Second Amended Complaint, and any confusion resulting from the mispleading should be construed against Plaintiffs. (Doc. 243 at 2)

When alleging malicious prosecution in a § 1983 claim, a plaintiff "must show that the defendants prosecuted him with malice and without probable cause, and that they did so for the purpose of denying him equal protection or another specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (internal citation and

quotation omitted). The *Awabdy* court explained:

> Ordinarily, the decision to file a criminal complaint is presumed to result from an independent determination on the part of the prosecutor, and thus, precludes liability for those who participated in the investigation or filed a report that resulted in the initiation of proceedings. . . . However, the presumption of prosecutorial independence does not bar a subsequent § 1983 claim against state or local officials who improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings.

*Id.* at 1067.

After *Awabdy*, the Ninth Circuit clarified the requirement for bringing a malicious prosecution claim against a state or local official by stating, "a showing of a retaliatory motive on the part of an official urging prosecution combined with an absence of probable cause supporting the prosecutor's decision will suffice to rebut the presumption of regularity and settle the [prosecutorial independence] issue." *Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008).

Plaintiffs alleged in the Second Amended Complaint that "Defendants' decisions to provide false and/or misleading affidavits and grand jury testimony were wrongfully motivated by: (a) animus towards individuals with Jewish ancestry; and (b) an intention to retaliate for Mr. Frimmel and Mrs. Norton cooperating with the Department of Justice and discourage further cooperation." (Doc. 23 at 29-31) In support of their allegations, Plaintiffs cite to a February 18, 2014 conversation between Defendant Henderson and Denee Ishak. (Doc. 23 at 29-31) In the conversation, Henderson advised Ishak that he did not believe the criminal case would go to trial. Henderson stated that he believed Plaintiff Frimmel to be "pretty tight with his money." In response, Ishak agreed and stated "He's Jewish. We know." Henderson then "laughed" and stated "[w]e'll see what, what happens but I doubt it's gonna go to trial."

In Plaintiffs' response to the Motion for Partial Summary Judgment, they do not present any other facts to support their assertion that Defendants were "wrongfully motivated" in providing false and/or misleading affidavits. The exchange, on its own, is not sufficient to create a genuine issue of material fact that Defendant Henderson, and certainly not the other Defendants, was motivated to falsify information in the affidavits by "animus towards individuals with Jewish ancestry." Plaintiffs do not assert that any Defendant knew of Plaintiff Frimmel's Jewish ancestry before the February 18, 2014 conversation—well after the grand jury indicted Plaintiffs—and the conversation does not support the assertion that any of the Defendants acted with the required malice to deprive Plaintiffs of a constitutional right *because* of Jewish ancestry. Similarly, Plaintiffs offer no specific facts in their response to the Motion for Partial Summary Judgment to support the assertion that Defendants engaged in malicious conduct *because* Plaintiffs cooperated with the Department of Justice. Therefore, regardless of the grand jury's finding of probable cause, the Court will not reconsider its dismissal of Count I for malicious prosecution.

## II.     Claim II: Malicious Prosecution Under Arizona State Law

Plaintiffs argue the state law malicious prosecution claim is not barred by the prosecutor's and grand jury's finding of probable cause. (Doc. 237 at 3) Under Arizona law, "[t]he civil tort of malicious prosecution includes five elements: that the defendant (1) instituted a civil action which was (2) motivated by malice, (3) begun [or maintained] without probable cause, (4) terminated in plaintiff's favor and (5) damaged plaintiff." *Chalpin v. Snyder*, 220 Ariz. 413, 418-19 (Ariz. App. 2008) (citation omitted). As explained before, Plaintiffs failed to allege facts sufficient to show that Defendants were motivated by malice. Therefore, we will not reconsider the dismissal of Claim II for the malicious prosecution under state law.

## III.     Claim XI: Intentional Infliction of Emotional Distress

Plaintiffs argue the Court erred in granting summary judgment for Claim XI because the Court previously "recognized that the conduct alleged in the pleadings and now supported by evidence was sufficiently egregious." (Doc. 237 at 4) However, Plaintiffs

refer to this Court's ruling on a motion to dismiss. (Doc. 42) The standard to survive a motion to dismiss is different than the standard for a summary judgment motion, and this Court is not bound by the Order denying a motion to dismiss when reviewing summary judgment. *See* Fed. R. Civ. P. 12(d) (stating that a court may not consider matters outside the pleadings when considering a motion to dismiss under 12(b)(6)); *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[F]or the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true."). It is the duty of a court to determine "whether the defendant's conduct may reasonably be regarded as so extreme and outrageous" as to permit the issue to be submitted to the jury. *Watts v. Golden Age Nursing Home*, 127 Ariz. 255, 258 (1980). In that regard, this Court found that, even though the conduct could be considered unjustifiable, it did not rise to the level of extreme and outrageous conduct required by Arizona courts to recover for intentional infliction of emotional distress. (Doc. 236 at 21) *See Mintz v. Bel Atlantic Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 554 (Ariz. App. 1995) (explaining that it is extremely rare to find conduct that rises to the level of intentional infliction of emotional distress). This Court therefore declines to reconsider the dismissal of Claim XI. Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 237) is **denied**.

Dated this 30th day of September, 2019.

Honorable Steven P. Logan
United States District Judge