Leon B. Silver (SBN: 012884)
Andrew S. Jacob (SBN: 022516)
Rebecca N. Cain (SBN: 025604)
**GORDON REES SCULLY MANSUKHANI, LLP**
2 North Central Ave, Suite 2200
Phoenix, AZ 85004
Telephone: (602) 794-2495
Facsimile: (602) 265-4716
lsilver@gordonrees.com
ajacob@gordonrees.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Norton, *et al.*; | CASE 2-15-cv-00087-SPL |
| *Plaintiffs,* | |
| vs. | **PLAINTIFFS' AND DEFENDANTS' JOINT MOTION TO CONTINUE TRIAL** |
| Joseph M. and Ava Arpaio, *et al.,* | |
| *Defendants.* | **Expedited Determination Requested** |

Plaintiffs and Defendants jointly move to continue the trial for at least sixty days with the expectation that difficulties discussed below related to COVID-19 infections will have lessened by that time.

## I. BACKGROUND

The entire country is in the early phase of an epidemic of COVID-19 infections. This is convincingly illustrated by a graph recently provided by the Centers for Disease Control that shows a steady geometric rise in reports of new COVID-19 cases in the United States. (Copy attached as Exhibit "A.") A geometric rise such as this indicates that we are in the early stages of a yet uncontrolled COVID-19 epidemic. Thus, in response to several cases of local transmission of the virus in Arizona, Governor Ducey has just "declared a public health emergency in Arizona . . . in response to the spread of the coronavirus." ABC.15 report (Mar. 11, 2020) (copy attached as Exhibit "B").

At present, there is insufficient testing capability to determine what members of the public are carrying the virus. Thus, on February 28, 2020, the Administrative Office of

1

the federal courts issued an advisory recommending, in effect, that we treat all persons are if they are carriers. The AO recommends, among other things, maintaining a "three-foot separation" between individuals and telling jurors and witnesses "to stay home at the first sign of symptoms." (Copy attached as Exhibit "C.")

In Washington State, where community transmission of the virus was initially documented, the federal courts have closed indefinitely for in-person hearings. *Gen. Order No. 01-20* (W.D.Wa. Mar. 6, 2020) (copy attached as Exhibit "D"). Washington state courts are closed until the end of March. *Court Closures and Emergency Modifications to Operations* (Wa. State Courts Mar. 11, 2020) (copy attached as Exhibit "E"). Seattle has closed public schools and taken other steps that interfere with ordinary activities. *See Seattle Closes Public Schools, Bans Large Gatherings in Efforts to Contain COVID-19 Outbreak,* Time (Mar. 11, 2020) (copy attached as Exhibit "E").

## II.   ARGUMENT

Rule 1 of the Federal Rules of Civil Procedure authorizes this Court to administer the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Among other things, this rule and its underlying rationale gives a trial court considerable discretion to order a continuance of trial. *See Danjaq LLC v. Sony Corp.*, 263 F. 3d 942, 961 (9th Cir. 2001).

This matter is set for a three-week jury trial running from March 17 through April 3, 2020. If the trial is held on those dates, the COVID-19 epidemic will adversely affect the right to have a fair trial. First, given the length of the trial and the geometric rise in reported COVID-19 cases, there is a credible likelihood Arizona courts will close for in-person proceedings (as has happened in the State of Washington) before the trial is completed. Second, the jurors are likely to be distracted by their perception of the need to avoid close contact with other jurors during the trial and deliberations and with the public while using public transportation to travel to court.

Third, the COVID-19 epidemic could also cause a mistrial if we lose too many jurors and/or witnesses during trial. This could happen as a result of instructing jurors and

witnesses "to stay home at the first sign of symptoms" (as recommended by the AO) will give them an uncontestable excuse to be absent. We could also lose jurors if Arizona schools are closed and jurors with school age children are required to stay home to provide child care.

Until the extent of the epidemic is better understood and until testing is available as a matter of routine, it will be impossible to know who is carrying the virus. This makes it unlikely, as noted above, that a juror would be comfortable riding in public transportation, sitting next to other jurors, or deliberating within the confines of the jury room. It stands to reason that an uncomfortable juror might not give full and fair consideration to evidence, arguments, and instructions.

We understand that the coronavirus is not going away in a few months. But, we anticipate that, within the next two months, testing will become more widely available and will be used to help determine who is carrying the virus. When such testing is available and used, the public's fear of close contact with others will largely resolve. At that point, the members of a jury will be able to travel and deliberate without fear of contracting COVID-19.

### III. Conclusion

The parties ask the Court to continue the trial for at least two months and to hold a scheduling conference to set a new trial date.

RESPECTFULLY SUBMITTED this 11th day of March 2020.

GORDON REES SCULLY MANSUKHANI LLP

By: *s/ Leon B. Silver*
Leon B. Silver
Andrew S. Jacob
Rebecca N. Cain
2 North Central Ave., Suite 2200
Phoenix, AZ  85004
*Attorneys for Plaintiffs*

Gordon Rees Scully Mansukhani, LPP
2 North Central Ave, Suite 2200
Phoenix, AZ 85004

SANDERS & PARKS, P.C.

By: *s/J. Arthur Eaves (w/permission)*
    J. Arthur Eaves
    Robin E. Burgess
    3030 North Third Street, Suite 1300
    Phoenix, AZ 85012
    *Attorneys for Maricopa County*

IAFRATE & ASSOCIATES

By: *s/ Michele M. Iafrate (w/permission)*
    Michele M. Iafrate
    649 North Second Avenue
    Phoenix, AZ 85003
    *Attorneys for Individual Defendants and MCSO*

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2020, I electronically transmitted the foregoing *Plaintiffs' Motion to Continue Trial* to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michele M. Iafrate
**IAFRATE & ASSOCIATES**
649 North Second Avenue
Phoenix, AZ 85003
*Attorneys for Individual Defendants and MCSO*

J. Arthur Eaves
Robin E. Burgess
**SANDERS & PARKS, P.C.**
3030 North Third Street, Suite 1300
Phoenix, AZ 85012
*Attorneys for Maricopa County*

*s/ Angelina Chavez*